STATE of Indiana, Appellant (Plaintiff Below),

v.

William HELTZEL and Mark Kiesling, Appellees (Defendants Below).

No. 45A03–8802–CR–54.

Court of Appeals of Indiana, Third District.

March 20, 1989.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, John F. Crawford, Jr., Pros. Atty., Michael S. Vass, Deputy Pros. Atty., Crown Point, for appellant.

David C. Jensen, Richard A. Hanning, Charles W. Webster, Eichhorn, Eichhorn & Link, Hammond, for appellees.

## OPINION ON PETITION FOR REHEARING

HOFFMAN, Justice.

Appellees William Heltzel and Mark Kiesling file a petition for rehearing together with a supporting brief. The Hoosier State Press Association also files an amicus curiae brief in support of said petition. On January 23, 1989, the appeals court ruled that the trial court erred in dismissing a complaint for indirect contempt when newspaper reporters allegedly induced or attempted to induce former grand jurors to reveal secret grand jury evidence, deliberations and votes. 533 N.E. 2d 159.

The contempt complaint did not relate to the publication of information. Heltzel and Kiesling did not show a particularized need as required to obtain grand jury transcripts pursuant to IND.CODE § 35–34–2–10(b) (1987 Supp.). Grand jury secrecy is historic and essential. The reasons for grand jury secrecy are stated in *Douglas Oil Co. v. Petrol Stops, Northwest* (1979) 441 U.S. 211, 219, n. 10, 99 S.Ct. 1667, 1673, n. 10, 60 L.Ed.2d 156.

 The First Amendment as applied to the states through the Fourteenth Amendment does not insulate Heltzel and Kiesling from the contempt action. It has generally been held that the First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally. *Branzburg v. Hayes* (1972) 408 U.S. 665, 684, 92 S.Ct. 2646, 2658, 33 L.Ed.2d 626. The First and Fourteenth Amendments bar the government from interfering in any way with a free press. The Constitution does not require government to accord special access to information not shared by members of the public generally. *Pell v. Procunier* (1974) 417 U.S. 817, 834, 94 S.Ct. 2800, 2810, 41 L.Ed.2d 495. The right to speak and publish does not carry with it the unrestrained right to gather information. *Zemel v. Rusk* (1965) 381 U.S. 1, 17, 85 S.Ct. 1271, 1281, 14 L.Ed.2d 179.

Newspaper reporters do not stand above other citizens with a special right to deceitfully encourage former grand jurors to break the law. Heltzel and Kiesling do not have an unrestrained right to gather grand jury evidence, votes and deliberations. It matters not whether the individuals involved are newspaper reporters, private investigators or ordinary citizens, the same rules apply. The attempt to gather secret grand jury information was not within the bounds of the law and rose to the level of actionable contempt.

The trial court erred in dismissing the contempt complaint on First Amendment grounds. The motion for rehearing is denied.

RATLIFF, C.J., and STATON, J., concur.